**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS,**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **RICHARD C. MARTIN** | § | |
| | § | |
| ***Plaintiff,*** | § | **C.A. NO. _____________** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **J.A.M. DISTRIBUTING COMPANY,** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Richard C. Martin (hereinafter "Plaintiff"), in the above styled and numbered cause, and files this Original Complaint, complaining of Defendant J.A.M. Distributing Company (hereinafter "Defendant"), and in support thereof shows this Court the following:

## I. INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, attorney's fees, expert witness fees, costs of court, and pre-judgment and post judgment interest for race discrimination and retaliation suffered by Plaintiff in the course of his employment with Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II. PARTIES

3. Plaintiff is an African-American male who is a resident of Beaumont, Jefferson County, Texas.

4. Defendant is a domestic corporation which operates through out the state of Texas. Defendant may be served with process through its registered agent, J A Maniscalco, 7010 Mykawa Road, Houston, Texas 77033.

## III. JURISDICTION

5. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, the Texas Labor Code § 21.001, *et. seq.*, and the common law of the State of Texas.

6. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts these claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

7. This Court has supplemental jurisdiction over all pendant state claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant because its principal place of business is Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) because Defendant's principal office is located in Houston, Harris County, Texas.

10. The amount in controversy is within the jurisdictional limits of this Court.

11. This Court has jurisdiction over all claims in this action.

12. All conditions precedent to filing this cause of action have been met.

## IV. PROCEDURAL REQUISITES

13. Plaintiff filed a charge of employment discrimination on the basis of race discrimination against Defendant with the district office of the Equal Employment Opportunity

Commission ("EEOC") and Texas Commission on Human Rights ("TCHR") on or about December 1, 2007 under Charge No. 460-2008-00680.

14. On or about May 14, 2008, the EEOC, on Plaintiff's request, issued a Notice of Right to Sue, authorizing Plaintiff to file suit in this Court.

15. This Complaint is being filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue letter.

## V. FACTS

16. Plaintiff is male and a permanent resident of the United States, whose race and national origin are African-American.

17. Plaintiff was employed by Defendant during the period made the basis of this lawsuit.

18. On or about September 3, 2003, Plaintiff was hired as a driver in Defendant's Beaumont, Texas office.

19. On or about June 27, 2007, Plaintiff was working together with a co-worker, James Bush, a Caucasian male.

20. Plaintiff and Bush were working together to unload a tank of oil.

21. When unloading a tank of oil, it is Defendant's company policy that both the oil tank driver (in this case, Plaintiff) and another employee of Defendant's (in this case, Bush) complete a checklist regarding the delivery.

22. The purpose of the checklist is to identify the driver unloading the oil and the supervising employee, who is responsible for overseeing the unloading and confirming that such unloading is occurring in the proper location and in accordance with all applicable guidelines.

23. On June 27, 2007, Plaintiff completed the checklist acknowledging his delivery of oil.

24. Bush, being the party responsible for overseeing the delivery, also signed off on the delivery, acknowledging that the delivery was occurring in the proper location and in accordance in with all applicable guidelines.

25. It was later determined that Plaintiff and Bush unintentionally unloaded the oil into the improper container.

26. As a result of this incident, Plaintiff was immediately suspended from work for the following two days (June 28, 2007 and June 29, 2007).

27. No action was taken against Bush.

28. Following his suspension, on or about June 29, 2007, Plaintiff placed a call to Defendant's Safety Department in order to report disparate treatment between himself and Bush.

29. Plaintiff informed the Safety Department that he was treated differently than Bush because Plaintiff is African-American.

30. Following a previously scheduled vacation, when Plaintiff returned to work on July 10, 2007, he was directed to report to the office of Jonas Wolf.

31. Wolf informed Plaintiff he was being immediately terminated.

32. Defendant's suspension of Bush, which occurred only **after** Plaintiff's complaint of racial discrimination, was ordered by Defendant only to mask the obvious racial discrimination Defendant engaged in by initially suspending only Plaintiff.

35. Prior to Plaintiff's suspension on June 28, 2007, Plaintiff had never been disciplined at work through out the duration of his nearly four year tenure with Defendant.

## VI. RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER TILLE VII AND 42 U.S.C. SECTION 1981

36. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

37. Plaintiff's race and national origin is African-American, a protected group that the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et. seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981a and Chapter 21 of the Texas Labor Code were all intended to protect.

38. As such, Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

39. At all relevant times, Plaintiff was qualified for the position he held during his employment with Defendant.

40. Defendant terminated Plaintiff because of his race and in retaliation for engaging in a protected activity, which consisted of reporting a charge of discrimination with Defendant's Safety Department.

41. Defendant subjected Plaintiff to different terms, conditions and privileges of employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et. seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981a and Chapter 21 of the Texas Labor Code which were intended to protect individuals, and for which Plaintiff now seeks compensatory and punitive damages.

42. Defendant has a pattern and practice of discriminating against minority employees by subjecting them to different terms and conditions of employment than non-minority employees.

43. By the above-described acts, Defendant discriminated against Plaintiff because of race and national origin by tolerating and failing to take affirmative action to correct these

unlawful employment practices and by discriminating against Plaintiff with respect to the terms, conditions and privileges of his employment because of his race.

44. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

45. As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life in the past which, in all probability, will continue to be suffered into the future.

## VII. RETALLIATION

46. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

47. After Plaintiff complained about the discrimination and harassment, Defendant engaged in activities in retaliation for Plaintiff's complaints as outlined above in violation of Title VII and the Texas Labor Code, including, but not limited to, 42 U.S.C. § 2000e-(3)a and section 21.055 of the Texas Labor Code.

48. After Plaintiff made a charge of discrimination with Defendant's Safety Department, Defendant engaged in activities in retaliation against Plaintiff, including termination, as a direct result of Plaintiff's complaint as outlined above in violation of Title VII, 42 U.S.C. § 1981, and the Texas Labor Code, including, but not limited to, 42 U.S.C. § 2000e-(3)a and section 21.055 of the Texas Labor Code.

49. As a result of Defendant's retaliatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering,

inconvenience, and loss of enjoyment of life in the past which, in all probability, will continue to be suffered into the future.

## VIII. JURY DEMAND

50. Plaintiff requests a trial by jury.

## IX. PRAYER FOR RELIEF

51. Plaintiff prays for the following relief for:

a. Actual and liquidated damages for the period of time provided by law, including appropriate back pay and reimbursement for lost pension, insurance, and all other benefits;

b. Reinstatement or for front pay, including benefits, in lieu of reinstatement;

c. Compensatory damages and punitive damages as allowed by law;

d. Attorneys' fees;

e. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

f. Pre-judgment and post-judgment interest as allowed by law;

g. Costs of court, costs of prosecuting Plaintiff's claim; and

h. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa A. Moore

Melissa Ann Moore
State Bar No. 24013189
Federal Id. No. 25122
LYRIC CENTRE
440 Louisiana Street, Suite 710
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739
melissamoore@sbcglobal.net

**ATTORNEY FOR PLAINTIFF**
**RICHARD C. MARTIN**